Jennifer L. Braster, NV Bar No. 9982
Meredith L. Markwell, NV Bar No. 9203
NAYLOR & BRASTER
1050 Indigo Drive, Suite 200
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jbraster@nblawnv.com
mmarkwell@nblawnv.com

*Attorneys for Spring Mountain Las Vegas, Limited Liability Company*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SPRING MOUNTAIN LAS VEGAS LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:  2:22-cv-00625-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[Second Request]** |

Pursuant to LR IA 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case one hundred and eighty (180) days from the current deadlines. This is the second stipulation for an extension of deadlines. As detailed below, good cause exists in light of the outstanding party and third-party discovery; FM's Motion for Summary Judgment, which was fully briefed as of April 24, 2023 (ECF No. 21) and is pending this Court's adjudication; and the parties' ongoing evaluation of potential private mediation. In support of this Stipulation, the parties state as follows:

**I.      DISCOVERY COMPLETED TO DATE**

1. Plaintiff Spring Mountain Las Vegas Limited Liability Company ("Spring Mountain") filed the instant complaint on February 4, 2022.

2. On April 14, 2022, FM removed the matter to federal court.

62034241.1

    3.      On April 21, 2022, FM filed its answer. (ECF No. 6).

    4.      On June 1, 2022, the parties submitted their Discovery Plan and Proposed Scheduling Order. (ECF No. 13).

    5.      On January 12, 2023, the Court approved the parties' Stipulation and Order to Extend Discovery Deadlines.  (ECF No. 19).

    6.      Spring Mountain has produced 28,532 pages of documents.

    7.      FM has produced 32,982 pages of documents.

    8.      Both Spring Mountain and FM have served subpoenas on several third-parties and have received some, but not all, productions, including:

        a.    Third-party Earth Resource Group has produced 4,221 pages of documents.

        b.    Third-party Summit Restoration has produced 159 pages of documents.

        c.    Third-party P.J. Becker has produced 12,186 pages of documents.

        d.    Everest Construction has produced 658 pages of documents.

        e.    J.S. Held has produced 16,476 pages of documents.

        f.    TY Lin has produced 9.657 pages of documents.

        g.    Aon has produced 5,742 pages of documents.

        h.    CBRE has produced 21,764 pages of documents.

        i.    Clark County has produced 1,082 documents.

        j.    Sky Structure has produced 1,368 pages of documents.

        k.    David McKee has produced 5,081 pages of documents

    9.      On September 12, 2022, FM served written discovery on Spring Mountain, which Spring Mountain responded to on October 17, 2022. On February 23, 2023, FM served a second set of written discovery, of which Spring Mountain provided initial responses on March 27, 2023. The parties are currently engaging in an ongoing meet and confer effort to resolve outstanding issues.

    10.    On December 21, 2022, Spring Mountain served written discovery requests and requests for documents on FM, which FM responded to on January 31, 2023.

62034241.1

**B.     Specific Description of Discovery that Remains to be Completed**

      1.     The depositions of parties and third-party witnesses;[1]

      2.     Completion of document productions;

      3.     Any additional written discovery;

      4.     Completion of receipt of documents in response to subpoenas duces tecum and any necessary follow-up with third parties;

      5.     Expert disclosures and depositions; and,

      6.     Any necessary additional discovery resulting from the above.

**C.     Reasons Why the Remaining Discovery Was Not Completed**

The parties aver, pursuant to LR IA 6-1, that good cause exists for the requested extension. Ample written discovery has been conducted to date and the parties have worked in good faith to complete discovery, resolve any disputes, and work with one another (and third-parties) regarding written discovery and subpoenas. At this juncture, the discovery close is August 1, 2023. As set forth in the Discovery Plan and Scheduling Order, the parties sought to exchange documents and subpoena documents from necessary third-parties and then meet and confer in good faith regarding a private mediation. (ECF No. 13). As set forth in further detail below, the parties continue to do so.

FM has also filed a motion for summary judgment relating to (1) the enforcement of the Policy's suit limitation provision (a dispositive issue), (2) the interpretation of the Policy's valuation provision, the resolution of which may limit or eliminate the need for experts and depositions, and (3) Spring Mountain's related bad faith claims. To the extent the Court seeks to defer the adjudication of FM's motion for summary judgment pursuant to Federal Rule of Civil Procedure, Rule 56(d), as argued in Spring Mountain's opposition to FM's motion for summary judgment, then any essential discovery detailed in the corresponding Court order will guide the

---

[1] In their Discovery Plan and Proposed Scheduling Order, the parties agreed not to conduct depositions until the parties completed written discovery, document production, and document review. The parties agreed to this sequence of discovery as a cost savings measure.

3

62034241.1

parties as to what discovery is necessary for adjudication of FM's motion. Although FM maintain that no such discovery is necessary and that its motion for summary judgment is ripe for adjudication as a motion of law without additional discovery.

Overall, the case surrounds a fire occurring on January 8, 2018 at Spring Mountain's shopping center, located at 3421 South Jones Boulevard, Las Vegas, Nevada, and the resulting property insurance coverage allegedly provided by FM As part of discovery, the parties have subpoenaed records pertaining to the rebuilding of the areas damaged or destroyed by the fire, among other related issues. To date, over 130,000 pages of documents have been produced, which are currently being assessed by the parties. The parties have been working diligently with the third-parties to obtain their complete subpoena productions, which has been time consuming.

The parties respectfully request the foregoing extension to permit completion of (1) subpoena responses and productions from third-parties, (2) review of party and third-party document productions, (3) review of written discovery responses and if necessary additional written discovery, (4) meet and confer on both document productions and discovery responses as necessary, and (5) ongoing good faith evaluation by the parties of potential private mediation, before incurring the costs associated with experts and depositions.

Counsel met and conferred and agree that as a cost-savings measure and to avoid unnecessary discovery to bifurcate discovery and at this juncture, only complete the written discovery. Thereafter, if necessary, the parties will proceed with depositions and expert disclosures after the Court rules on FM's Motion for Summary Judgment, as the Court's ruling may greatly affect the scope and need for any further discovery. Counsel also has had ongoing discussions regarding mediation and continue to work together in good faith to ascertain whether a mediation will be prudent at this juncture or at a later time. Those discussions remain ongoing.

62034241.1

D.  **Proposed Discovery Deadlines**

| Event | Current Deadline | Proposed New Deadline[2] |
|---|---|---|
| Close of Discovery | August 1, 2023 | Monday, January 29, 2024 [3] |
| Initial Expert Disclosures | June 2, 2023 | Wednesday, November 29, 2023 |
| Rebuttal Expert Disclosures | July 5, 2023 | Wednesday, January 3, 2024[4] |
| Dispositive Motions | August 31, 2023 | Tuesday, February 27, 2024 |
| Pre-Trial Order | October 2, 2023 | Monday, April 1, 2024[5] |

IT IS SO STIPULATED.

Dated:  May 17, 2023

NAYLOR & BRASTER

By:   /s/ Jennifer L. Braster
    Jennifer L. Braster, NBN. 9982
    Meredith L. Markwell, NBN. 9203
    1050 Indigo Drive, Suite 200
    Las Vegas, NV 89145

*Attorneys for Spring Mountain Las Vegas, Limited Liability Company.*

WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC

By: /s/ Christina M. Lincoln
    Howard J. Russell, Esq., NV Bar No. 8879
    Ryan T. Gormley, Esq., NV Bar No. 13494
    6385 South Rainbow Blvd., Suite 400
    Las Vegas, Nevada 89118

    Amy M. Churan (Admitted pro hac vice)
    Christina M. Lincoln (Admitted pro hac vice)
    ROBINS KAPLAN LLP
    2049 Century Park East, Suite 3400
    Los Angeles, CA 90067-3208

*Attorneys for Factory Mutual Insurance Company*

**ORDER**

IT IS SO ORDERED.

Dated: 5/19/2023

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties reserve their right to request additional time if needed, as discussed in this Court's Order, dated, May 15, 2023. *See* ECF No. 28.

[3] Because 180 days falls on Sunday, January 28, 2024, the next business day is Monday, January 29, 2024.

[4] Because 180 days falls on Tuesday, January 2, 2024, a Court holiday, the next business day is Wednesday, January 3, 2024.

[5] Because 180 days falls on Saturday, March 30, 2024, the next business day is Monday, April 1, 2024.

5

62034241.1